IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) |
| JORGE LUIS LEAL, | ) CASE NO. 19-CR-40069-JPG |
| | ) |
| Defendant. | ) |

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Reconsideration of Detention Order Based on Changed Circumstances filed by Defendant Leal.

### Background

Defendant is charged with Attempted Enticement of a Minor in violation of 18 U.S.C § 2442(b). On July 24, 2019, Defendant was released on bond (Doc. 13). The charges against Defendant raised the rebuttable presumption in favor of detention. The Court found that Defendant had overcome the rebuttable presumption but ordered, as a condition of Defendant's bond, that he reside in a residential reentry center ("RRC"). While residing at the RRC in August of 2019, Defendant expressed suicidal ideation to staff, and he was admitted to an emergency inpatient crisis center for three days. Upon returning to the RRC, Defendant did, in fact, attempt suicide. He was admitted for inpatient care at a hospital and discharged back to the RRC after six days. Two days later he experienced another crisis of depression and informed staff at the RRC. He was again transferred to a hospital and the RRC determined they could not accept him back to their facility. A revocation hearing was held on September 9, 2019, and Defendant consented to detention because he had no alternative living arrangement to propose to the Court at the time

(Doc. 37). The Court ordered Defendant detained pending trial (Doc. 38). Defendant is currently being held at the Williamson County Jail.

On March 27, 2019, Defendant filed the motion for reconsideration of detention now before the Court (Doc. 60). Defendant argues the Court should reconsider detention because three changes of circumstance have occurred since he was detained. First, Defendant now has a viable home plan within the Southern District of Illinois. Second, he is no longer a suicide risk. Finally, Defendant asserts the COVID-19 risk places limitations on his access to counsel.

On March 31, 2020, the Court held a hearing pursuant to 18 U.S.C. 3142(f)(2)(B). The Government did not contest that Defendant now has a viable home plan. However, the Government argued the Probation Office recommends Defendant remain detained because he is still a suicide risk. The Government also argued Defendant is not at high risk from COVID-19.

**Analysis**

The Court recognizes the unprecedented magnitude of the COVID-19 pandemic. This virus is now identified as a world-wide pandemic, resulting in a declaration of a national emergency by the federal government, and state of emergency by the State of Illinois. With no known effective treatment, public health officials are urging, in the strongest possible terms, that the public should practice "social distancing," frequent and thorough hand washing, and avoidance of close contact with others—hence the suspension of in-person legal visits at the Jail. Nevertheless, neither the speculative risk of contracting the virus nor the challenge presented for legal visits supports a decision to release Defendant. There is no evidence that COVID-19 has infiltrated the Williamson County Jail or that Defendant is at any increased risk if he contracts it. Further, while the social distancing policies restrict Defendant's in-person visits with counsel, they do not wholly prevent Defendant from communicating with counsel.

The primary issue in this case is Defendant's suicide risk. Defendant argues that although he did attempt suicide in September 2019 and expressed suicidal thoughts on other occasions around that time, he now takes medication which is controlling his depression and he has not been on "close watch" since about one week after his suicide attempt. The Court recognizes that several months have passed without apparent incident and that Defendant has been prescribed medication for his mental health issues. However, the Court finds the nature and seriousness of the danger posed by release require that he remain detained. Defendant attempted to take his own life in the structured environment of the RRC. The circumstances of his legal case and what he is facing have not improved. Defendant's proposed home plan is to live in an apartment with a friend, Diego Gaspar, and Gaspar's adult nephew. Mr. Gaspar is currently not working at his restaurant job due to the pandemic. While the Government seemingly concedes the appropriateness of the home plan, the Court finds that this arrangement will not assist Defendant in addressing his significant mental health challenges. For these reasons, the Court cannot find that a combination of conditions exists that can reasonably assure Defendant's appearance and the safety of the community.

The Amended Motion for Reconsideration of Bond (Doc. 60) is **DENIED** without prejudice to a renewed motion should the circumstances in the jail materially change.

**IT IS SO ORDERED.**

**DATED:   March 31, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**