UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 19-cr-40069-JPG |
| JORGE LUIS LEAL, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

### I.   Introduction

This matter comes before the Court on Defendant Jorge Luis Leal's ("Defendant" or "Leal") Motion for Judgment of Acquittal under Fed. R. Crim. P. 29(c) (Doc. 115). The United States through the Assistant U.S. Attorney ("Government") objects (Doc. 116).

### II.   Background

On July 2019, the Federal Bureau of Investigation ("FBI") conducted a sting operation where Federal Undercover Employee ("UCE") was using an online dating application to solicit the sex acts with minors. The UCE assumed control of a "Clay" profile and Defendant initiated a conversation with the UCE. Clay notified Defendant he was 15 years old. The two individuals were speaking through an application called "Grindr." Grindr disabled the chat, likely because its algorithms detected a minor was using an app. Those chats were deleted from the app. The UCE created another Grindr account with the display name "Corey." The UCE and Defendant met at a location in Herrin, Illinois. The UCE told Defendant to come to the back alley behind the residence. The FBI surveillance team followed and stopped Defendant's car a couple blocks from the FBI-maintained residence. The agents told Leal he was not under arrest and then took

him to the FBI-maintained residence, where agents interviewed Leal. The agents then arrested Leal.

On August 6, 2019, a grand jury in the Southern District of Illinois charged Leal with attempted enticement of a minor. On November 15 and 16, a jury trial was held for Defendant where Defendant was charged in a single count indictment with attempted enticement of a minor. On November 16, 2021, the jury found Leal guilty of Attempted Enticement of a Minor in Count 1 of the Indictment (Doc. 108).

### III. Analysis

Defendant now asks this Court, pursuant to Fed. R. Crim. Proc. 29(c) to enter a judgment of acquittal on the basis that the evidence submitted to the jury was insufficient to sustain a conviction (Doc. 115).

When evaluating a motion for judgment for acquittal, the district court asks, after viewing the evidence in the light most favorable to the government, whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *see also United States v. Torres-Chavez*, 744 F.3d 988, 993 (7th Cir. 2014) (quoting *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781).

"[D]eference to the jury's deliberations prevents us from assessing the quality of the evidence." *United States v. Godinez*, 7 F.4th 628, 638 (7th Cir. 2021). "We respect the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences." *Id*. at 638–39 (citation omitted). Accordingly, when reviewing a defendant's appeal of the denial of his Rule 29 motion, we "draw all reasonable inferences in the

light most favorable to the prosecution." *United States v. Niggemann*, 881 F.3d 976, 980 (7th Cir. 2018); *see also United States v. Coscia*, 866 F.3d 782, 795 (7th Cir. 2017).

A defendant challenging a jury verdict under Rule 29 "faces a nearly insurmountable hurdle" because the court views the evidence in the light most favorable to the government and defers to the jury's credibility determinations. *Torres-Chavez*, 744 F.3d at 993 (citing *United States v. Blassingame*, 197 F.3d 271, 284 (7th Cir. 1999)). We will "overturn the jury's verdict only when the record contains no evidence, regardless of how it is weighed, from which the [factfinder] could find guilt beyond a reasonable doubt." *United States v. Faulkner*, 885 F.3d 488, 492 (7th Cir. 2018) (internal quotation marks and citations omitted).

Defendant was charged and ultimate found guilty of attempted enticement of a minor. For such a charge, the Government must prove the following elements beyond a reasonable doubt: 1) the Defendant used a facility or means of interstate commerce to knowingly attempt to entice an individual to engage in sexual activity; 2) the defendant believed that the individual was less than 18 years of age; 3) the defendant took a substantial step toward committing the crime of attempted enticement of a minor; and 5) Government agents did not entrap the defendant into committing the offense. 18 U.S.C. § 2422(b).

Specifically, Defendant argues that the Government failed to provide sufficient evidence to the jury: 1) Defendant attempted to intentionally entice a minor or Defendant's intentions to obtain assent of a minor; 2) Leal took a substantial step towards enticement that would corroborate his intent to entice a minor; 3) Defendant was not entrapped. (Doc. 115, p. 1-2). The Government states that sufficient evidence was given to the jury and this Court should not disrupt the jury's decision. (Doc. 116). The Court agrees.

The Court believes there was sufficient evidence that Defendant attempted to intentionally entice a minor. Specifically, the Government submitted evidence through the testimony of FBI Agent Michael Carter that, during the initial conversation on Grindr between the UCE and Leal that, they discussed the possibility of meeting for sexual purposes. During subsequent conversations, the UCE told Leal that he was 15 years old. The Government submitted evidence that Leal continued to express interest to meet with the individual for sexual activities. While agents testified to these conversations, the jury heard evidence of these conversations where Leal continued to express his intent to induce and entice him into sexual activities. After Grindr disabled the account, the aforementioned chats were lost. The jury heard this evidence that Leal also deleted the accounts on Grindr when the agents pulled him over the night of his arrest. Deleting his account also deleted the chat history.

However, the UCE and Leal had chats in the logs under a new profile. The Government submitted these logs as evidence to the jury. These chats showed that Leal expressed concern regarding the "Corey's" age, but the UCE assured him he was "not a baby." Leal stated that he just wanted a "bj this time" after the profile asked him to bring condoms. The Government argued that the exchange between Leal and the UCE in the chat log, in conjunction with the testimony of the agents regarding the previous logs established that Defendant attempted to intentionally entice a minor. The Court finds that Defendant cannot meet his burden of establishing that the Government provided "no evidence" to a jury regarding Defendant's intent to entice.

Regarding the "substantial step," to prove the attempt of this crime, the prosecution must show that Defendant intended to complete the crime and had taken a "substantial step" toward its completion. "The term 'substantial step' can be an elusive concept, but has been described as

more than mere preparation, but less than the last act necessary before actual commission of the crime. A substantial step occurs when a person's actions make it reasonably clear that had he not been interrupted or made a mistake, he would have completed the crime." *United States v. Chambers*, 642 F.3d 588, 592 (7th Cir. 2011) (internal citations omitted). Here, the Government presented evidence that Leal and the UCE arranged to meet with the purported 15-year-old in Herrin, Illinois. Additionally, Leal traveled from Marion, Illinois to Herrin, Illinois and circled the block at the address provided. Additionally, the Government submitted evidence of the logs where Leal requested verification that he was not being "set up." Again, this is not a case where the Government provided "no evidence" of a substantial step. The Court finds that the Government put forth sufficient evidence to a jury to find guilt beyond a reasonable doubt.

Regarding entrapment, a" defendant may raise an entrapment defense if he shows that he was not predisposed to commit the crime and that he was induced by the government to commit it." *United States v. Knope*, 655 F.3d 647, 661 (7th Cir. 2011). The Government set forth evidence that Leal confessed, re-initiated the conversation with "Corey" as shown on the chat log, and selected the particular sex act he wanted the 15-year-old to perform.

The Court draws all reasonable inferences in favor of the Government and defer to the jury regarding weight of the evidence and credibility determinations. The Court will not overturn the jury's verdict because the record contained sufficient evidence where the jury could find guilt beyond reasonable doubt.

**IV.     Conclusion**

The Court hereby DENIES Defendant's Motion for Judgment of Acquittal (Doc. 115).

**IT IS SO ORDERED.**
**DATED:  February 11, 2022**

/s J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**
