UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JORGE LUIS LEAL,

    Defendant.

Case No. 19-cr-40069-JPG

## MEMORANDUM AND ORDER

### I. Introduction

This matter comes before the Court on the Government's Motion to Supplement Record on Appeal (Doc. 155). Defendant Jorge Leal ("Defendant" or "Leal") has responded (Doc. 156). The Government has not filed a reply and the time for doing so has passed.

### II. Background

This case is currently pending on appeal in the U.S. Court of Appeals for the Seventh Circuit. Defendant was tried and convicted in a jury trial for attempted enticement of a minor on November 16, 2021. On May 5, 2022, Defendant was sentenced to 120 months for attempted enticement of a minor. A day later, Defendant filed his notice of appeal of his sentence.

According to both the Government and the Defendant, one issue that Defendant has raised in his appeal is whether the district court erred by instructing the jury as to entrapment and also instructing the jury that it should not consider deceptive investigative techniques the government used to investigate this case, as it has a tendency to confuse the jury. (Doc. 155 at ¶ 2); (Doc. 156 at ¶ 2). The Government now requests to supplement the record on appeal with documents detailing pre-trial email communications between Government counsel and Defendant's then-trial counsel, Stephen C. Williams. The Government's request is made pursuant to Rule 10 of the

Federal Rules of Appellate Procedure, and Local Rule 79.1, which requires this request me made first in the district court.

### III. Analysis

A timely notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Where, as here, the appeal is taken from a judgment that determines the entire action, the filing of the notice of appeal divests the district court of the power to take any further action in the proceeding "except in aid of the appeal, to correct clerical mistakes under Fed.R.Civ.P. 60(a), or in aid of execution of a judgment that has not been stayed or superseded." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1240 (7th Cir. 1986).

Under Rule 10(e) of the Rules of Appellate Procedure, a party can move to correct or modify the record on appeal. Fed.R.App.P. 10(e). Such motions must be first presented to the district court. Rule 10(b) (providing that motions to correct or modify the record pursuant to Rule 10(e) of the Rules of Appellate Procedure or a motion to strike matter from the record on appeal should be presented first to the district court). The purpose of Rule 10(e) is to ensure that the Court of Appeals has a complete record of the proceedings before the district court. *United States v. Elizalde–Adame*, 262 F.3d 637, 641 (7th Cir. 2001). The Rule does not, however, permit a party to add materials to the record on appeal that were not before the district court. *Id*. at 640 (stating the purpose of Rule 10(e) is "not to enable the losing party to add new material to the record in order to collaterally attack the trial court's judgment").

Rule 10(a) provides that the record on appeal is comprised of: "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). In addition, Rule 10(e)

provides, in relevant part, that if anything "material to either party is omitted from or misstated in the record by error or accident," a district court may certify and forward the omission or misstatement. Fed. R. App. P. 10(e)(2)(B).

The Government requests the email between Government counsel and Defendant's trial counsel be added to the record on appeal because they "reflect that the parties' legal positions on jury instructions were the result of consultation and deliberation and not the result of negligence but were rather the result of knowing and intentional decisions." The Defendant argues that the Government is attempting to add an email to the record where the Court was not included in the email exchange and where no record was made in the Court regarding this exchange. (Doc. 156 at ¶ 3).

The Court agrees that that the evidence the Government seeks to add to the record does not comport with Rule 10(e). Rule 10(e) allows the Court to add new materials that was not before this Court. As the Seventh Circuit has stated, the purpose of Rule 10(e) is to ensure the Court of Appeals has a complete record of the proceedings before the district court. A pre-trial email between trial counsel for the parties where the Court was not copied, involved, or made aware of on the record during the formal jury instruction conference on the record is not a proper use of Rule 10(e). Rule 10(e) is not a vehicle to add new material not before this Court, which is what the Government attempts to do. Other courts have denied motions to supplement where a party seeks to add documents to the record on appeal that were not part of the record before the district court. *Stewart v. Colvin*, 2016 WL 6126912, at *2 (C.D. Ill. Oct. 18, 2016); *Edmonds v. Operating Engineers Local 139*, 2009 WL 2983066, at *1 (W.D. Wis. Sept. 14, 2009); *Parker v. Loyal*, No. 115-cv-00826-JMS-TAB, 2018 WL 898722, at *1 (S.D. Ind. Feb. 15, 2018).

### IV.     Conclusion

The Government's Motion to Supplement the Record on Appeal is not properly brought forth pursuant to Rule 10(e) because the Government seeks to add new material to the record on appeal that was not before this Court. Accordingly, the Court **DENIES** the Government's Motion to Supplement the Record on Appeal (Doc. 155).


**IT IS SO ORDERED.**
**DATED:  January 23, 2023**

/s  J. Phil Gilbert
J. PHIL GILBERT
U.S. DISTRICT JUDGE
